UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM ROBINSON,

    Plaintiff,

v.                                                         Case No. 8:22-cv-360-TPB-CPT

WASTE PRO OF FLORIDA, INC.,

    Defendant.
_____/

**O R D E R**

Before the Court is *Plaintiff[ William Robinson]'s Unopposed Motion to Award Attorneys' Fees*. (Doc. 32). For the reasons discussed below, Robinson's motion is granted.

I.

To understand the nature of Robinson's fee request, some background is necessary. In October 2017, an individual who is not a party to this case, Anthony Wright, filed a class action in the District of South Carolina against Waste Pro and others pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 (FLSA or the Act). *See Wright, et al. v. Waste Pro USA, Inc., et al.*, No. 2:17-cv-2654-DCN (D.S.C.). In July 2019, the district court in South Carolina dismissed certain parties in the litigation, including Waste Pro. *Id.* at (Doc. 170) (D.S.C. July 25, 2019). The next

month, Wright re-filed his collective action complaint in the Southern District of Florida, naming Waste Pro as one of the defendants. *Wright, et al. v. Waste Pro USA, Inc., et al.*, 0:19-cv-62051-KMM, at (Doc. 1) (S.D. Fla. Aug. 15, 2019). Robinson filed a consent to join that case in March 2021. (Doc. 32 at 3).

In January 2022, however, the court in the Southern District of Florida decertified the collective action and dismissed the claims of the opt-in plaintiffs, including those brought by Robinson. *Wright*, 0:19-cv-62051-KMM, at (Doc. 291) (S.D. Fla. Jan. 11, 2022). Robinson then filed this FLSA lawsuit against Waste Pro in February 2022, seeking unpaid overtime wages and other damages. (Doc. 1).

Roughly four months later, in June 2022, the parties reached an agreed-upon resolution of their dispute for a stated sum exclusive of attorneys' fees and costs. (Docs. 25, 28). The Court promptly approved the parties' agreement in accordance with *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982), and the Clerk of Court entered Judgment in Robinson's favor the next day. (Docs. 29, 30).

The instant fee motion, filed by Robinson in July 2022, followed. (Doc. 32). In a notice submitted last week, Waste Pro confirms that it does not oppose Robinson's motion. (Doc. 34).

II.

In this District, Local Rule 7.01 creates a bifurcated process for parties requesting the Court's approval of post-judgment attorney's fees and related non-taxable expenses. M.D. Fla. R. 7.01. Under this provision, a party must first timely move the Court for a determination of the party's entitlement to such reimbursement.

M.D. Fla. R. 7.01(b). If the Court grants that motion, the fee applicant must—within forty-five days of the Court's order—submit a supplemental motion that complies with certain requirements. M.D. Fla. R. 7.01(c).

In accordance with the first prong of Local Rule 7.01(c), Robinson now requests an Order declaring his entitlement to attorneys' fees and costs under the FLSA. (Doc. 32). The FLSA authorizes such relief where a plaintiff secures a judgement in his favor under the Act. 29 U.S.C. § 216(b) ("The court in [an FLSA] action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Dionne v. Floormasters Enters., Inc.*, 667 F.3d 1199, 1205 (11th Cir. 2012) (noting that an FLSA plaintiff who receives a judgment in his favor is eligible for a grant of attorney's fees and costs). As Robinson has obtained a judgment in his favor here, he is entitled to recover attorney's fees and costs, and Waste Pro does not claim otherwise. *See* (Docs. 30, 34); *see also Wolff v. Royal Am. Mgmt., Inc.*, 545 F. App'x 791, 795 (11th Cir. 2013) (per curiam) (upholding a FLSA fee award where the district court approved the plaintiff's settlement with the defendant and then entered judgment accordingly).[1]

With respect to the amount of fees and costs to be awarded, the Court will address that issue upon the filing of a proper motion under the second prong of Local Rule 7.01(c). M.D. Fla. R. 7.01(c). Such determination may include a consideration of whether, and the extent to which, Robinson is permitted to collect fees for services

---

[1] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

rendered in the South Carolina and/or Southern District of Florida actions. *See Rivera v. Waste Pro of Fla., Inc.*, 2022 WL 2490505 (M.D. Fla. June 21, 2022) (concluding that an opt-in plaintiff in the Southern District of Florida lawsuit was entitled to attorneys' fees but that it was premature to decide whether the work performed in the Southern District of Florida matter benefited the plaintiff in his subsequently filed individual case), *report and recommendation adopted*, 2022 WL 2464473 (M.D. Fla. July 6, 2022).

### III.

For the foregoing reasons, it is hereby ORDERED:

1. *Plaintiff [William Robinson]'s Unopposed Motion to Award Attorneys' Fees* (Doc. 32) is granted.

2. Robinson shall file a supplemental motion that complies with Local Rule 7.01(c).

SO ORDERED in Tampa, Florida, this 13th day of August 2022.

*[signature: Christopher P. Tuite]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record